UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

David Miklesh,                                     Civil No. 12-CV-457 (JRT/LIB)

       Plaintiff,

v.                                                      **REPORT AND RECOMMENDATION**

Weinerman & Associates, LLC, et al.

       Defendants.

---

This matter came before the undersigned United States Magistrate Judge upon Plaintiff's Motion for Attorneys' Fees and Costs. [Docket No. 31]. The motion was referred to the Magistrate Judge by Hon. John R. Tunheim for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. (Order Referring Mot. [Docket No. 43]). The Court held a hearing on the motion on February 25, 2012. For reasons outlined below, the Court recommends that Plaintiff's Motion for Attorneys' Fees and Costs, [Docket No. 31], be **GRANTED in part**.

I.      **BACKGROUND**

David Miklesh (Plaintiff) filed his complaint on February 22, 2012, against Bradstreet & Associates, LLC, a/k/a Bridgestone & Associates, and Mark Roering (collectively, "Defendants") et al.,[1] alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. (FDCPA), invasion of privacy, and conversion. (Compl. [Docket No. 1]). On

---

[1] Plaintiff's claims against Weinerman & Associates, LLC (Defendant Weinerman), and National Account Services, Inc. (Defendant NASI), were dismissed pursuant to stipulations. (See Stipulation of Dismissal re: Weinerman & Associates, LLC [Docket No. 22]; Order of Dismissal [Docket No. 23]; Stipulation of Dismissal re: National Account Services, Inc. [Docket No. 25]; Order of Dismissal [Docket No. 26]). Default judgment was entered against Credit Smart LLC (Defendant Credit Smart). (Clerk's Entry of Default [Docket No. 14]). (Collectively, "co-defendants").

1

November 16, 2012, Defendants made an Offer of Judgment pursuant to Fed. R. Civ. P. 68. (Notice of Acceptance, Offer of J., Ex. 1 [Docket No. 28-1]). Plaintiff accepted the offer on Dec. 3, 2012. (Notice of Acceptance, Offer of J. [Docket No. 28]). Accordingly, judgment in the amount of $5,000.00 was entered on December 4, 2012. (J. [Docket No. 30]).

Defendants, by their offer, agreed to pay "reasonable attorneys' fees," to be decided by the Court upon a proper motion. (Notice of Acceptance, Offer of J., Ex. 1 [Docket No. 28-1], at ¶¶ 2-3). Currently before the Court is Plaintiff's Motion for Attorney Fees and Costs [Docket No. 31].[2]

Plaintiff brought this Motion for Attorneys' Fees and Costs, [Docket No. 31], on January 2, 2013. Defendants filed their objections on January 16, 2013. (Defs.' Mem. Opp. Mot. Att'y Fees [Docket No. 38]. The Court held a hearing on the motion on February 25, 2013.

## II. FACTS

Plaintiff seeks an award of $15,295.50 in attorneys' fees, and $1,054.41 in costs,[3] for a total award of $16,350.01. (Decl. Lyons [Docket No. 34], at 6-7). Plaintiff submitted to the Court documentation showing a total of 52.20 hours spent working on the case, by attorneys

---

[2] The motion was referred to the Court for Report and Recommendation by Hon. John R. Tunheim on January 24, 2013. (Order Referring Motion [Docket No. 43].

[3] Plaintiff seeks to recover for the following costs:

| Expense | Cost |
|---|---|
| Postage/copies | $23.30 |
| Filing Fee | $350.00 |
| APS Financial – Process Server ($65.12 for service + $593.59 for deposition of Defendant Roering) | $658.71 |
| Thomas J. Lyons, Jr. – Travel: Court hearing, Parking, Mileage for Pretrial on October 1, 2012 | $22.50 |
| **Total:** | **$1,054.51** |

(Decl. Lyons [Docket No. 34], at 7). Defendants do not challenge any of these costs, and the Court is persuaded that these costs are reasonable.

2

Thomas J. Lyons (Mr. Lyons) and Thomas J. Lyons, Jr. (Mr. Lyons Jr.), and paralegal Andrea L. Weber (Ms. Weber). (Decl. Lyons, Ex. 2 [Docket No. 34-2], at 3-5).

| Total Hours Claimed | |
| --- | --- |
| **Personnel** | **Hours** |
| Thomas J. Lyons | 3.69 |
| Thomas J. Lyons, Jr. | 40.19 |
| Andrea L. Weber (Paralegal) | 8.32 |
| **Total:** | **52.20** |

Plaintiff also claimed to have deducted from this total 9.81 hours spent of work related to co-defendants. (Decl. Lyons [Docket No. 34], at 6, n.1; see also Pl.'s Reply Ltr. Supp. Mot. Att'y Fees [Docket No. 45], at 1 (reference to "9.8 hours subtracted from the total")). Thus, Plaintiff's request for $15,295.50 in attorneys' fees represents recovery for 42.39 hours of work. (Id.).

## III. DISCUSSION

### A. Standard of Review

The FDCPA provides that "any debt collector who fails to comply with any provision of this subchapter" is liable for damages including "a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). "Indeed, the avowed purpose of the FDCPA is to 'eliminate abusive debt collection practices by debt collectors . . . .'" Lamberson v. Bank of America Corp., Civ. No. 11-335 (ADM/TNL), 2012 U.S. Dist. LEXIS 133541, at *4 (D. Minn. Sept. 19, 2012) (Montgomery, J.) (quoting 15 U.S.C. § 1692(e)). Accordingly, the award of attorney's fees to a successful plaintiff is "a means of fulfilling Congress' intent that the [FDCPA] should be enforced by debtors acting as private attorneys general." Armstrong v. Rose Law Firm, P.A., Civ. No. 00-2287 (MJD/SRN), 2002 U.S. Dist. LEXIS 16867, at *3-4 (D. Minn. Sept. 4, 2002) (Nelson, M.J.) (quoting Graziano v. Harrison, 950 F.2d 107, 113 (3d Cir. 1991), adopted by Order of March 20, 2003 [Docket No. 68] (Davis, J.).

3

"[C]ourts have discretion in calculating reasonable attorney's fees under [the FDCPA]." Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, ___,[4] 130 S. Ct. 1605, 1621 (2010). Although it appears that the Eighth Circuit has not directly addressed the proper method of calculation, the District of Minnesota typically has begun with the "lodestar" method, by which the reasonable number of hours expended is multiplied by a reasonable hourly rate. See, e.g., Lamberson, 2012 U.S. Dist. LEXIS 133541, at *3; Morrow v. Weinerman & Assocs., LLC, Civ. No. 11-104 (RHK/LIB), 2012 U.S. Dist. LEXIS 63522, at *3 (D. Minn. May 7, 2012) (Kyle, J.); Gupta v. Arrow Fin. Svcs., LLC, Civ. No. 09-3313 (SRN/SER), 2012 U.S. Dist. LEXIS 43609, at *2 (D. Minn. Mar. 29, 2012) (Nelson, J.); accord Jerman, 559 U.S. at ___, 130 S. Ct. at 1621 n.16 ("Many District Courts apply a lodestar method, permitting downward adjustments in appropriate circumstances" (citations omitted)). "The burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Gupta, 2012 U.S. Dist. LEXIS 43609, at *3 (quoting Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984)).

**B. Analysis**

To calculate the lodestar rate, the Court first must review Plaintiff's representation as to the number of hours spent in the case, and determine whether that number is reasonable. Lamberson, 2012 U.S. Dist. LEXIS 133541, at *3. Next, the Court must determine what constitutes a reasonable hourly rate for each attorney or support staffer for whom fees are sought. With those numbers determined, the Court then multiplies the reasonable number of hours expended by the reasonable hourly billing rate, to determine reasonable attorneys' fees.

---

[4] Full pagination in the U.S. Reporter is not yet available.

**1. Computation of Hours**

Plaintiff provided documentation for 52.20 hours worked, and claimed to have deducted from this total 9.81 hours spent of work related to co-defendants. (Decl. Lyons [Docket No. 34], at 6, n.1; see also Pl.'s Reply Ltr. Supp. Mot. Att'y Fees [Docket No. 45], at 1 (reference to "9.8 hours subtracted from the total")). However, Plaintiff initially failed to identify for the Court which 9.81 hours were deducted.[5] The Court ordered further documentation, and Plaintiff withdrew 9.82 hours: 0.38 hours from those worked by Mr. Lyons, 8.34 hours from those worked by Mr. Lyons Jr., and 1.10 hours worked by Ms. Weber. (Pl.'s Ltr. to M.J. [Docket No. 46], at 1-2). Upon review of the records submitted by Plaintiff, the Court has identified two additional entries that relate only to co-defendants: on May 30, 2012, 0.86 hours recorded by Mr. Lyons Jr., and on September 25, 2012, 1.10 hours recorded by Ms. Weber.

However, Plaintiff failed to identify or account adequately for several entries that either explicitly or implicitly record work relating both to the Defendants in the present motion and to co-defendants. "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); see also Lamberson, 2012 U.S. Dist. LEXIS 133541, at *6 ("Insufficient documentation may warrant reduction in the fees requested because 'incomplete or imprecise billing records preclude any meaningful review by the district court of the fee application'" (quoting H.J. Inc. v. Flygt Corp., 925 F.2d 257, 260 (8th Cir. 1991))). In particular, "[c]ounsel's use of 'block billing,' [and] failure to specify the amounts sought from the different defendants . . . make[] it impossible to precisely calculate the total time reasonably devoted to this litigation." Clark v. Capital Credit & Collection Svcs., Inc., 561 F. Supp. 2d 1213, 1221-22 (D. Ore. 2008). Thus, where Plaintiff has provided merely a

---

[5] In his Reply Letter, Plaintiff identified some, but not all, of those deducted hours. (Pl.'s Reply Ltr. Supp. Mot. Att'y Fees [Docket No. 45], at 1).

"block" entry that includes tasks related both to Defendants in the present motion and to co-defendants, the Court will award Plaintiff only a pro-rata share of the time entry. Upon review of the records submitted by Plaintiff, the Court has further deducted 1.19 hours recorded by Mr. Lyons, 7.48 hours recorded by Mr. Lyons Jr., and 1.27 hours recorded by Ms. Weber.[6]

Defendants also object to certain time entries they believed to be inflated or otherwise excessive. (Defs.' Mem. Opp. Mot. Att'y Fees [Docket No. 38], at 9-11). Upon review of the records submitted by Plaintiff, the Court finds that two of the three entries for October 1, 2012, are unreasonable, and also deducts 1.60 hours recorded by Mr. Lyons Jr. related to the deposition of Defendants, and 0.25 hours recorded by Mr. Lyons Jr. related to settlement discussions with Defendants.

Defendants further object to certain time entries as recording, in whole or in part, clerical work. (Id.). Plaintiff is not entitled to recover for purely clerical tasks. Missouri v. Jenkins, 491 U.S. 274, 288 n.10 (1989) ("Of course, purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them."). Upon review of the records submitted by Plaintiff, the Court has deducted an additional 0.37 hours recorded by Mr. Lyons Jr. on December 3, 2012, and 4.64 hours recorded by Ms. Weber on February 23, 2012; November 30, 2012; December 3, 2012; and December 27, 2012.

Finally, Plaintiff asked, and the Court granted permission to file supplemental material related to work associated with bringing the present motion. Plaintiff represented on the record

---

[6] The Court made pro rata reductions for work related to co-defendants from the following entries:
- **Jan. 4, 2012**: The Court deducts 1.19 hours recorded by Mr. Lyons Sr.
- **Jan. 9, 2012**: The Court deducts 2.57 hours recorded by Mr. Lyons Jr.
- **Jan. 20, 2012**: The Court deducts 1.70 hours recorded by Mr. Lyons Jr.
- **Feb. 22, 2012**: The Court deducts 0.65 hours recorded by Mr. Lyons Jr.
- **Sept. 17, 2012**: In addition to the 0.77 hours recorded by Mr. Lyons Jr. that were withdrawn by Plaintiff, the Court deducts an additional 0.16 hours recorded by Mr. Lyons Jr.
- **Sept. 21, 2012**: The Court deducts 0.17 hours recorded by Ms. Weber
- **Sept. 24, 2012**: The Court deducts 0.51 hours recorded by Mr. Lyons Jr.
- **Dec. 1, 2012**: The Court deducts 1.03 hours recorded by Mr. Lyons Jr.

at the hearing that it would seek no more than four (4) hours; however, in his supplemental written submission, Plaintiff provided records of 4.35 hours recorded by Mr. Lyons Jr. (Pl.'s Ltr. to M.J. [Docket No. 46], at 2). Based on Plaintiff's representation at the February 25, 2012, hearing, the Court deducts 0.35 hours recorded by Mr. Lyons Jr.

Upon review of all of the records contained herein, the Court finds it reasonable for Plaintiff to recover for 2.12 hours recorded by Mr. Lyons, for 26.15 hours recorded by Mr. Lyons Jr., and for 1.31 hours recorded by Ms. Weber.

| | **Total Hours Allowed** | | | |
|---|---|---|---|---|
| **Personnel** | **Hours Recorded** | **Withdrawn by Plaintiff** | **Deducted by the Court** | **Reasonable Hours** |
| Thomas J. Lyons | 3.69 | .38 | 1.19 | 2.12 |
| Thomas J. Lyons, Jr. | 44.54 | 8.34 | 10.05 | 26.15 |
| Andrea L. Weber | 8.32 | 1.10 | 5.91 | 1.31 |
| **Total:** | 56.55 | 9.82 | 17.15 | 29.58 |

**2. Attorneys' Hourly Rates**

Defendants do not challenge the requested hourly rate for Ms. Weber of $125/hour. Moreover, this request seems reasonable, and has been found to be reasonable by this District. Morrow, 2012 U.S. Dist. LEXIS 63522, at *8. However, Defendants object to the hourly rates requested both by Mr. Lyons and by Mr. Lyons Jr. (Defs.' Mem. Opp. Mot. Att'y Fees [Docket No. 38], at 11-13).

**a. Thomas J. Lyons**

Plaintiff requests recovery for the work of Mr. Lyons at the rate of $450/hour. (Decl. Lyons Jr. [Docket No. 34], at 6). Mr. Lyons was awarded $350/hour in Lamberson, 2012 U.S. Dist. LEXIS 133541, at *10; $375/hour in Schlunegar v. Bridgestone, Civ. No. 10-531 (PAM/FLN), Order of June 21, 2012 [Docket No. 59] (Magnuson, J.); and $400/hour in Morrow, 2012 U.S. Dist. LEXIS 63522, at *6-7. This District has awarded Mr. Lyons a rate exceeding

7

$400/hour in class actions, however this District also has long recognized that attorneys are entitled to a higher hourly rate in class actions than in ordinary litigation.  See, e.g., Orsburne v. Assets Recovered, L.L.C., Civ. No. 07-1710 (PJS/RLE), 2008 U.S. Dist. LEXIS 90255, at *2-3 (D. Minn. Jan. 14, 2008) (Schiltz, J.) (reducing Thomas J. Lyons rate from $400/hour to $250/hour in case that "was neither complex nor a class action").  Thus, the Court finds the reasonable hourly rate for Mr. Lyons is $375/hour.

   **b. Thomas J. Lyons, Jr.**

With regard to Mr. Lyons Jr., the issue is more complex.  Mr. Lyons Jr. was suspended from the practice of law by the Minnesota Supreme Court on April 8, 2010.  In re Petition for Disciplinary Action against Thomas John Lyons, Jr., 780 N.W.2d 629 (Minn. 2010).  He was reinstated on December 21, 2011, but remains on probationary status until December 2013.  In re Petition for Reinstatement of Thomas J. Lyons, Jr., 808 N.W.2d 585 (Minn. 2011).  Plaintiff's burden requires him to provide a basis of comparison with "lawyers of reasonably comparable skill, experience, *and reputation*."  Gupta, 2012 U.S. Dist. LEXIS 43609, at *3 (emphasis added) (citing Blum, 465 U.S. at 895 n.11).  Here, that calculation necessarily requires consideration of Mr. Lyons Jr.'s recent suspension and current probationary status.  Presented with the same question in Lamberson, Judge Montgomery wrote:

> The market rate for an attorney reinstated to the practice of law after state disciplinary proceedings is uncertain, but the Court finds a well-informed market would not bear charging a full hourly rate immediately upon an attorney's reinstatement after a disciplinary suspension.

Lamberson, 2012 U.S. Dist. LEXIS 133541, at *10.

Mr. Lyons Jr. seeks reimbursement at a rate of $400/hour, arguing that he "has been recently approved at the requested rate of $400."  (Pl.'s Reply Letter Supp. Mot. Att'y Fees [Docket No. 45], at 3).  Although the statement is technically true, it is also somewhat

8

misleading. Plaintiff provides only one (1) instance since his suspension in which he received $400/hour, and that was a in class action in which the motion for attorneys' fees was unopposed. Thompson v. NCA, Civ. No. 10-2307 (SRN/FLN), Mot. for Att'y Fees & Costs (Unopposed) [Docket No. 101], Order of Dec. 19, 2012 [Docket No. 107] (Nelson, J.); see, in contrast, Orsburne, 2008 U.S. Dist. LEXIS 90255, at *2-3 (reducing fee award in case that was not a class action). In Morrow, 2012 U.S. Dist. LEXIS 64522, Mr. Lyons Jr. was awarded only $350/hour for work after returning from his suspension. Id at *6. Further, in Lamberson, after considering the effect that his suspension might have on his "market rate," Judge Montgomery reduced the fee for Thomas J. Lyons, Jr., from a proposed $350/hour to just $150/hour. Lamberson, 2012 U.S. Dist. LEXIS 133541, at *10. In the present case, the Court finds that a reasonable hourly rate for Mr. Lyons Jr. is $325/hour.

### 3. Calculating the Lodestar Rate

Having determined both the reasonable number of hours for which Plaintiff should be allowed to recover, and the reasonable hourly rate for Mr. Lyons, Mr. Lyons Jr., and Ms. Weber, the Court finds that Plaintiff should be awarded $9,457.50 in attorneys' fees:

| Personnel | Hours | Hourly Rate | Total |
|---|---|---|---|
| Thomas J. Lyons | 2.12 | $375.00 | $795.00 |
| Thomas J. Lyons, Jr. | 26.15 | $325.00 | $8,498.75 |
| Andrea L. Weber (Paralegal) | 1.31 | $125.00 | 163.75 |
| **Totals:** | 29.58 | | **$9,457.50** |

## IV. CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's Motion for Attorneys' Fees and Costs [Docket No. 31] be **GRANTED in part** and **DENIED in part**, as described above; and

2. That Defendants shall pay Plaintiff's attorney's fees in the amount of $9,457.50, plus costs of $1,054.51.

Dated: March 29, 2013

s/Leo I. Brisbois
LEO I. BRISBOIS
United States Magistrate Judge

**N O T I C E**

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by April 12, 2013**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.