# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| DAVID MIKLESH, | Civil No. 12-457 (JRT/LIB) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE** |
| BRADSTREET & ASSOCIATES, LLC *also known as* Bridgestone & Associates LLC; and MARK ROERING, | |
| Defendants. | |

Thomas J. Lyons, **LYONS LAW FIRM, P.A.**, 367 Commerce Court, Vadnais Heights, MN 55127; and Thomas J. Lyons, Jr., **CONSUMER JUSTICE CENTER, P.A.**, 367 Commerce Court, Vadnais Heights, MN 55127 for plaintiff;

Steven R. Little, **HELEY, DUNCAN & MELANDER, PLLP**, 8500 Normandale Lake Boulevard, Suite 2110, Minneapolis, MN 55437, for Defendants Bradstreet & Associates, LLC and Mark Roering.

Plaintiff David Miklesh seeks attorneys' fees and costs associated with his Fair Debt Collection Practices Act ("FDCPA") claims. In a Report and Recommendation ("R&R") dated March 29, 2013, United States Magistrate Judge Leo I. Brisbois recommended that this Court grant in part Miklesh's motion. Defendants Bradstreet & Associates, LLC and Mark Roering (collectively "Defendants")[1] timely objected to the

---

[1] The Court dismissed Miklesh's claims against Weinerman & Associates, LLC and National Account Services, Inc. pursuant to the parties' stipulations, (Order for Dismissal, Oct. 11, 2012, Docket No. 23; Order, Nov. 19, 2012, Docket No. 26) and dismissed Credit Smart LLC without prejudice due to default (Entry of Default, Aug. 9, 2012, Docket No. 14; Notice of Dismissal, July 8, 2013, Docket No. 53).

R&R. The Court reviews *de novo* those portions of the R&R to which Defendants object. *See* 28 U.S.C. § 636(b)(1)(C); D. Minn. L.R. 72.2. Because the Court finds that the fee award calculated in the R&R is reasonable, the Court will overrule Defendants' objections and adopt the R&R.

## BACKGROUND

Miklesh accepted Defendants' Offer of Judgment on December 3, 2012. (Docket No. 28.) Miklesh's acceptance stated that "[j]udgment entered shall include an amount for Plaintiff's reasonable attorney's fees and costs incurred by Plaintiff in connection with Plaintiff's claims alleged." (*Id.*) This amount was to be "agreed by counsel for the parties, or determined by the Court upon application by Plaintiff's counsel." (*Id.*) Judgment, exclusive of fees and costs, of $5,000 was entered on December 4, 2012. (Docket No. 30.)

Miklesh brought his Motion for Attorneys' Fees and Costs (Docket No. 31) on January 3, 2013. Defendants objected. (Docket No. 38.) After a hearing, the Magistrate Judge recommended that the Court grant in part Miklesh's motion, decreasing the billable rate for Thomas J. Lyons, Jr., and reducing the number of hours billed or awarding a pro-rata share for some hours. The Defendants object that Lyons, Jr.'s billing rate is still excessive and that the number of hours should be further reduced.

## DISCUSSION

### I. STANDARD OF REVIEW

The FDCPA provides that debt collectors that fail to comply with its provisions are liable for damages including "a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). Courts in the District of Minnesota use the lodestar method for calculating attorneys' fees under the FDCPA. *See, e.g.*, *Lamberson v. Bank of Am. Corp.*, Civ. No. 11-335, 2012 WL 4129807, at *1 (D. Minn. Sept. 19, 2012). The lodestar, which is presumed to be a proper award, is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Gupta v. Arrow Fin. Servs., LLC*, Civ. No. 09-3313, 2012 WL 1060054, at *1 (D. Minn. Mar. 29, 2012) (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983)).

### II. LYONS, JR.'S BILLING RATE

The Defendants object to the R&R's conclusion that a reasonable hourly rate for Thomas J. Lyons, Jr. is $325 per hour and request a further reduction of his hourly rate to $150 per hour. "A reasonable hourly rate is usually the ordinary rate for similar work in the community where the case has been litigated." *Emery v. Hunt*, 272 F.3d 1042, 1048 (8th Cir. 2001). "[T]he burden is on the fee applicant to produce satisfactory evidence . . . that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984).

Lyons, Jr. requested reimbursement at $400 per hour. Because of his recent suspension and current probationary status, the R&R recommended decreasing his rate to $325 per hour. Defendants argue that the rate should be further reduced as in *Lambertson*, 2012 WL 4129807, at *4 & n.2 (finding that "a well-informed market would not bear charging a full hourly rate immediately" after Lyons, Jr.'s reinstatement and reducing his rates to $150 per hour). The Court finds that the R&R's reduction to Lyons, Jr.'s requested hourly rate takes into account his recent suspension. Furthermore, courts in this district have awarded a wide range of attorneys' fees in similar litigation and have awarded Lyons, Jr. a range of fees, sometimes exceeding $325 per hour, since his reinstatement. *See, e.g.*, *Haibeck v. Bradstreet*, Civ. No. 11-2724, Docket No. 34 at 8 (D. Minn. May 2, 2013) (awarding Lyons, Jr. $400 per hour); *Morrow v. Weinerman & Associates, LLC*, Civ. No. 11-104, 2012 WL 1593301, at *2 (D. Minn. May 7, 2012) (awarding Lyons, Jr. $350 per hour). The Court therefore concludes that $325 per hour is reasonable in light of Lyons, Jr.'s "skill, experience and reputation." *Blum* 465 U.S. at 896 n.11.

## III.  TIME ENTRIES

The Defendants also object that the R&R did not adequately reduce or eliminate fees for Miklesh's attorneys' time entries. When determining the number of hours reasonably expended on litigation, the Court must exclude claimed hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. Additionally, "[w]here the documentation of hours is inadequate, the district court may

reduce the award accordingly." *Id.* at 433. Defendants criticize Miklesh's counsel for block-billing, the lumping together of daily time entries consisting of two or more task descriptions, and inflating time entries.

In order to adjust the award to take into account block-billing, the R&R recommended awarding Miklesh only a pro-rata share of time entries that included tasks related to both the Defendants and the now-dismissed co-defendants. Defendants object that the Court should not allow the entries at all. The Eighth Circuit has not prohibited block billing, however, *see King v. Turner*, Civ. No. 05-388, 2007 WL 1219308, at *3 (D. Minn. Apr. 24, 2007), and the Court finds that the billing records here, with the deductions suggested by the R&R, sufficiently demonstrate that the billed work related to Defendants.

The Defendants object that Miklesh's attorneys' time entries are inflated and that the billing entries are so vague that it is impossible to determine whether the hours expended were reasonable or duplicative. The R&R reviewed the time entries and deducted hours for time found to be unreasonable.[2] Defendants object that the Court

---

[2] The R&R made the following recommendations regarding allowed hours:

|  | Hours Recorded | Withdrawn by Miklesh | Deducted by the Court | Reasonable Hours |
| --- | --- | --- | --- | --- |
| **Thomas J. Lyons** | 3.69 | .38 | 1.19 | 2.12 |
| **Thomas J. Lyons, Jr.** | 44.54 | 8.34 | 10.05 | 26.15 |
| **Andrea L. Weber** | 8.32 | 1.10 | 5.91 | 1.31 |

(R&R at 7.)

should find additional instances of time spent by Miklesh's counsel excessive.[3] The Court will decline to do so. The Court finds that 26.15 hours of work by Lyons, Jr. and 1.31 hours of paralegal time on the case against Defendants is reasonable and appropriate.

Although Defendants identify nine entries as examples of instances where they claim Miklesh's attorneys inflated the amount actually spent on certain tasks, Defendants only make specific arguments regarding two of these entries.[4] First, Defendants argue that Lyons, Jr. should not be allowed to bill for reviewing discovery requests and outlining responses on November 2, 2012 because Miklesh never served Defendants with discovery responses. Just because the case settled several weeks later does not mean that time spent on discovery responses was inappropriate while the case was still pending. Second, Defendants argue that Lyons, Jr. could not have taken 0.7 hours to e-mail and call his client on November 12, 2012 and suggests decreasing the time entry to 0.2 hours. Because drafting an e-mail and speaking with a client could reasonable take forty-two minutes, the Court will not further decrease this entry.

---

[3] Defendants ask the Court to deduct the remaining 1.31 hours of permitted reasonable time recorded by Andrea L. Weber. Defendants also ask the Court to deduct an additional 15.89 hours from the 26.15 hours the R&R found to be reasonably billed by Lyons, Jr.

[4] "Objections which are not specific but merely summarize or repeat arguments presented to and considered by a magistrate judge are not entitled to de novo review." *Mashak v. Minnesota*, Civ. No. 11-473, 2012 WL 928251, at *2 (D. Minn. Mar. 19, 2012). In the absence of specific objection, the R&R is reviewed for clear error. Fed. R. Civ. P. 72 advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). The Court finds no clear error in awarding fees for the other entries listed by the Defendants.

The Court finds the hours specifically identified by Defendants in their objection were not redundant or unnecessary and that the totals identified in the R&R (29.58 hours for all personnel resulting in $9,457.50 in attorneys' fees) are reasonable for this action.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** Defendants' objections [Docket No. 50] and **ADOPTS** the Magistrate Judge's Report and Recommendation dated March 29, 2013 [Docket No. 49]. Therefore, **IT IS HEREBY ORDERED** that:

1. Miklesh's Motion for Attorneys' Fees and Costs [Docket No. 31] is **GRANTED in part** and **DENIED in part**;

2. Bradstreet & Associates, LLC and Mark Roering shall pay Miklesh's attorneys' fees in the amount of $9,457.50, plus costs of $1,054.51.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: July 12, 2013                      s/ John R. Tunheim
at Minneapolis, Minnesota.               JOHN R. TUNHEIM
                                                     United States District Judge